UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDERSON MARK PEROUSE (A-061-025-943),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX DETENTION,<br><br>Respondent. | No. 1:26-cv-07208 DAD CSK<br><br>ORDER AND FINDINGS & RECOMMENDATIONS |

Petitioner Anderson Mark Perouse (A-061-025-943), a native and citizen of Trinidad and Tobago, who is proceeding without counsel, filed a verified petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a motion for appointment of counsel.[1] Petitioner was admitted to the United States in December 2009 on an F12 visa.[2] On July 22, 2026, an immigration judge ordered petitioner removed from the United States to Trinidad and Tobago. No party appealed, and the deadline to appeal has passed. Petitioner is now subject to a final order of removal under 8 U.S.C. § 1231(a)(2). For the reasons that follow, the Court recommends that the motion to

---

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

[2] The F12 visa category is for children of F11 arriving unmarried sons/daughters of U.S. citizens. See https://ohss.dhs.gov/topics/immigration/lawful-permanent-residents/immigrant-classes-admission

dismiss be granted and the petition for writ of habeas corpus be denied.

## I. FACTUAL BACKGROUND[3]

Petitioner is a citizen and native of Trinidad and Tobago. (ECF No. 7-4 at 1) Petitioner was admitted the United States in December 2009 on an F12 visa. (Id.) On July 22, 2026, an immigration judge ordered petitioner removed from the United States to Trinidad and Tobago. (ECF No. 7-1 at 4-5) No party appealed, and the deadline on August 21, 2026 to appeal has passed. (ECF No. 7 at 1; ECF No. 7-1 at 6) Petitioner has been in continuous detention since February 11, 2026. (ECF No. 1 at 5) Petitioner did not contest respondent's facts concerning petitioner's immigration history. (See Docket)

## II. PROCEDURAL BACKGROUND

On September 8, 2026, petitioner filed the petition for writ of habeas corpus and motion for appointment of counsel. (ECF Nos. 1, 3) On September 20, 2026, respondent timely filed a motion to dismiss the petition. (ECF No. 7) Petitioner did not file an opposition. (See Docket) Briefing is now complete.

## III. LEGAL STANDARDS

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he or she is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis,

[3] Petitioner filed a verified habeas petition. (ECF No. 1 at 8.) A court "may treat the allegations of a verified . . . petition [for writ of habeas corpus] as an affidavit." L. v. Lamarque, 351 F.3d 919, 924 (9th Cir. 2003) (citing McElyea v. Babbitt, 833 F.2d 196, 197-98 (9th Cir. 1987)).

533 U.S. 678, 687 (2001).

Habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court. The provisions of Rule 4, which are applicable to a petition filed pursuant to 28 U.S.C. § 2241, provide in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must not dismiss the petition and direct the clerk to notify the petitioner." The Advisory Committee Notes to Rule 4 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to respondent's motion to dismiss, or after an answer to the petition has been filed.

## IV. DISCUSSION

Generally, noncitizens are subject to civil immigration detention only if the noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690 (holding that 8 U.S.C. § 1231(a)(6) does not authorize indefinite detention). Petitioner challenges the continued detention based on the violation of the following: (1) Accardi Doctrine violation because the agency failed to follow its post-removal order regulations 8 C.F.R. §§ 241.4, 241.13; (2) the Fifth Amendment due process clause for arbitrary and prolonged detention; (3) the Fifth Amendment due process clause for not providing petitioner with an individualized custody determination; and (4) the Fourth Amendment and Administrative Procedure Act ("APA") for re-arresting petitioner. (ECF No. 1 at 2, 6-7.) Respondent moves to dismiss the petition because petitioner is subject to a final order of removal and is therefore subject to mandatory detention under 8 U.S.C. § 1231(a)(2). (ECF No. 7 at 1.)

### A. Detention Authority

Respondent asserts that petitioner is subject to a final order of removal. (ECF No. 7 at 1) Respondent submitted a copy of the immigration judge's July 22, 2026 removal order, which indicates that petitioner's appeal was due August 21, 2026. (ECF No. 7-1) Respondent contends that petitioner did not file an appeal. (ECF No. 7 at 1) Petitioner has not contested this or provided any evidence that he filed an appeal.[4] (See Docket.)

[4] According to the government's official Executive Office for Immigration Review Automated

Pursuant to 8 U.S.C. § 1231(a)(1), the Attorney General of the United States shall remove a noncitizen within 90 days, which is referred to as the "removal period." 8 U.S.C. § 1231(a)(1)(A). The removal period begins on the latest of the following: (i) the date the removal order becomes administratively final; (ii) if the removal order is judicially reviewed and a stay of removal is ordered, the date of the court's final order; or (iii) the date the noncitizen is released from detention or confinement. 8 U.S.C. § 1231(a)(1)(B). During the removal period, the noncitizen shall be detained. 8 U.S.C. § 1231(a)(2). If the noncitizen is not removed within the removal period, the noncitizen shall be released and subject to supervision with certain conditions. 8 U.S.C. § 1231(a)(3). U.S. Immigration and Customs Enforcement ("ICE") "may" only continue to detain the noncitizen after the 90-day removal period under certain circumstances, including when the noncitizen is removable on grounds of being convicted of certain criminal offenses. 8 U.S.C. § 1231(a)(6).

Because petitioner did not appeal the immigration judge's removal order, the removal order became a final removal order on August 22, 2026, after the appeal period expired. See 8 U.S.C. § 1101(a)(47)(B). The 90-day mandatory § 1231(a)(2) removal period began on August 22, 2026 and ends on November 20, 2026. Petitioner is still detained within the 90-day removal period and thus remains subject to mandatory detention until the expiration of the removal period. See 8 U.S.C. § 1231(a)(2); Zadvydas, 533 U.S. at 698 (the statute "mandates detention of certain criminal aliens during the removal proceedings and for the subsequent 90-day removal period"). Accordingly, the Court finds the petition should be denied because petitioner is lawfully subject to mandatory detention under 8 U.S.C. § 1231(a)(2).

**B. Petitioner's Other Claims for Relief**

The Court notes that at the time petitioner filed this petition for writ of habeas corpus on

---

Case Information website, no information for this case is available. See https://acis.eoir.justice.gov/en. The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The Executive Office for Immigration Review ("EOIR") adjudicates immigration cases, and the EOIR Automated Case Information website is an official website of the United States Government. The address of this official website is https://acis.eoir.justice.gov/en/.

September 8, 2026, his removal order was already administratively final. The Court declines to reach petitioner's Accardi Doctrine (Claim One), Fifth Amendment claims (Claims Two and Three) as the Ninth Circuit has found that detention during the 90-day removal period pursuant to 8 U.S.C. § 1231(a)(2) passes constitutional scrutiny. See Khotesouvan v. Morones, 386 F.3d 1298, 1301 (9th Cir. 2004). The Court also declines to reach petitioner's claim regarding prolonged detention and the likelihood of removal under the Zadvydas framework (claim four) where this record reflects petitioner remains detained pursuant to the mandatory 90-day removal period. See id. (the Zadvydas due process analysis does not extend to § 1231(a)(2) where the danger of "indefinite, perhaps permanent" civil confinement does not exist when the government is holding a noncitizen under § 1231(a)(2), a provision authorizing detention for 90 days only) (citing Zadvydas, 533 U.S. at 699). Finally, the Court declines to reach petitioner's Fourth Amendment and APA claim (Claim Four) where this record reflects petitioner remains detained pursuant to the mandatory 90-day removal period.

**V. MOTION FOR APPOINTMENT OF COUNSEL**

Petitioner filed a motion for appointment of counsel. (ECF No. 3.) There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Under 18 U.S.C. § 3006A, the court can appoint counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. The Court concludes that the interests of justice do not require appointment of counsel, and petitioner's motion for appointment of counsel is denied without prejudice.

**VI. CONCLUSION**

In summary, the Court recommends that the petition for writ of habeas corpus be dismissed without prejudice.

Accordingly, IT IS HEREBY ORDERED that petitioner's motion for appointment of counsel (ECF No. 3) is denied without prejudice.

Further, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be DISMISSED without prejudice.
2. Respondent's motion to dismiss (ECF No. 7) be GRANTED.

3. The Clerk of the Court be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned “Objections to Magistrate Judge’s Findings and Recommendations.” Any response to the objections shall be filed and served within seven days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court’s order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 26, 2026

Chi Soo Kim
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/pero7208.2241.imm.1231(a)(2)/dismiss/10